THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN
AND FOR THE COUNTY OF KING

| | |
|---|---|
| Daniel TOSHNER, Responsible Billing, LLC, Roadside Response, LLC., Plaintiff, vs. JP MORGAN CHASE & CO, Chase Bank, Defendant. | Case No. COMPLAINT FOR DAMAGES |

COME NOW *the Plaintiffs herein and for claims against the Defendant complain and allege as follows*:

## I. INTRODUCTION

1.1 This is a complaint brought under the WASHINGTON STATE CONSUMER PROTECTION ACT.

## II. JURISDICTION AND VENUE

2.1 **J**urisdiction: This court has jurisdiction in accordance with RCW 4.100.

2.2 **Venue**: Plaintiffs reside in King County and Plaintiffs opened the bank accounts with Defendant in King County.

**Daniel Toshner**

COMPLAINT FOR DAMAGES P a g e | **1**    *Telephone No. 714.814.0044*

# III. PARTIES

3.1 Plaintiff, DANIEL TOSHNER, was at all material times herein, a resident of King, County and the sole owner and operator of the corporate entities named as Plaintiffs herein.

3.2 Defendant: Defendant, the State of Washington, was at all material times herein, the Defendant.

# IV. FACTUAL ALLEGATIONS

4.1 Defendant Chase closed Plaintiffs' business banking account on May 8, 2023;

4.2 Plaintiffs escalated the matter to Paul Burke who informed Mr. Toshner in a series of emails and phone calls that the account was reopened;

4.3 On May 17, 2023, the account was still closed. Mr. Burke had left the country, according to an auto generated email. The matter was escalated again to Davide Debond and Pankaj Nath. They both stated in emails to Mr. Toshner that they would have the account up and running;

4.4 Shortly after June 22nd, Chase Bank also closed the Roadside Response account and told Plaintiffs that the money would be sent within a few days.

4.5 Mr. Toshner called the Chase 1-800 number at least three times a week for over a month. He was told by one Chase employee or agent that Chase needed a new Operating Agreement, and paperwork pertaining to the two LLC's referenced above; Chase told Mr. Toshner that Defendant

**Daniel Toshner**

COMPLAINT FOR DAMAGES P a g e | **2**         *Telephone No. 714.814.0044*

needed to research checks provided to him by a third party; and then was told that they were no longer investigating as the matter had been put on hold.

4.6     On or about **June 1st, 2023**, Defendant's employees and/or agents told Plaintiffs the investigation was on hold by one person.

4.7     All of the above referenced representations constituted conflicting stories; nothing said to Mr. Toshner was consistent, nor did anything represented by said employees and/or agents make sense;

4.8     Plaintiff went to Chase on 08/15/2023 to speak to someone face to face and spoke to Linda of the North Indio, CA location. She also escalated the case and provided Plaintiff with a number to which he was instructed to fax a demand and legal letter;

4.9     Plaintiff eventually received funds belonging to Roadside Response (approximately $60,000); but never for RESPONSIBLE BILLING ($83,000-approximately); nor did he ever receive an accounting of the banking transactions from Defendant Chase. The total balance of funds not received is $83,000, plus an additional $20,000 in held fees for which Chase has provided no accounting;

4.10    Every time Mr. Toshner called, Defendant Chase personnel claimed the matter was still pending investigation.

4.11    Plaintiffs corresponded with Defendant demanding a written explanation within ten days of Defendant's receipt of the correspondence.

4.12    At all times referenced above, all Plaintiffs' deposits cleared and there were no indications of fraud communicated to Plaintiff, nevertheless, Defendant continued to hold the above referenced funds.

4.13    All the above referenced allegations constitute unfair and deceptive practices under the WASHINGTON STATE CONSUMER PROTECTION ACT.

## V. CAUSE OF ACTION

VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT (*hereinafter* CPA).

5.1    Plaintiffs reallege and incorporate by reference each allegation of paragraphs 1.1 through 413, inclusive, as if alleged herein.

5.2    Plaintiff has been wrongfully deprived of the use of funds deposited in accounts maintained by defendant.

5.3    As a result of said unfair and deceptive practices, Plaintiff has suffered loss of the use of the deposited funds and experienced loss of opportunities to be measured the present value of said funds at the time the funds became unavailable.

5.4    Plaintiffs did everything possible to mitigate the damage to the businesses and were never informed of any fraud or cause for concern regarding Plaintiffs' responsibilities or irregularities regarding the accounts.

5.5    The claims arose June 2023-December 2023 and are not time barred.

5.7    The Plaintiff never engaged in illegal acts and was Defendant has not informed him of any fraudulent or irregular activity on the accounts.

**Daniel Toshner**

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

6.1 For compensation for actual damages in the amount of $1,500,000; an award for consequential damages, emotional distress, damage to the above referenced business entities; prejudgment interest and opportunity costs resulting from the unavailability of funds that has been continuous since May 8, 2023 in the amount of approximately $150,000.

6.2 For three times the actual damages up to the statutory limit and actual damages over and above the treble damage award, attorneys fees and costs pursuant to the Washington State CPA.

6.3 For an order requiring defendant to restore all banking services or pay Plaintiff for the time and inconvenience of opening new bank accounts after defendant reimburses Plaintiffs for the total value of funds that became unavailable at the judgment rate of interest.

6.4 For such other relief as the Court finds just and equitable.

Dated this **25th** day of January, 2024.

Daniel Toshner
Plaintiff, *pro se*

**Daniel Toshner**

COMPLAINT FOR DAMAGES P a g e | **5**        *Telephone No. 714.814.0044*